WIGGINTON, Judge.
This matter is before the Court on an appeal by the Florida Industrial Commission from a judgment of the Circuit Court of Leon County reversing an order of the Industrial Commission which found that the appellees were liable for the payment of certain taxes under the Florida Unemployment Compensation Law. The appellees, Willard W. Severy and Everett W. Severy, together with their respective wives, constituted a partnership which owned certain real and personal property in Dade County. The partners formed a corporation known as Trade Winds Dry Cleaners, Inc., and were the sole officers and stockholders thereof. Later the same partners formed a . second corporation known as Severy Wholesale Cleaners, Inc., and were likewise the sole officers and stockholders of that corporation. The partnership leased its real and personal property to the two corporations, one of which engaged in the retail dry cleaning business and the other in the wholesale dry cleaning business. Each corporation operated out of different portions of the same building and separately accounted to the partnership for the rental on the real and personal property used by each in the conduct of its individual business.
*630 An examination of the books and records of the partnership and two corporations resulted in a determination by the status section of the Florida Industrial Commission that the partnership and both corporations came within the provisions of the Florida Unemployment Compensation Law as a single employer. Following a protest by the alleged employer, the Commission appointed a special deputy who held hearings, took extensive testimony and received a considerable volume of evidence regarding the operation of the employing units involved. The deputy filed with the Commission his report and recommendations in which he specifically found that the partnership and the two corporations were separate legal entities, and that they were engaged in a joint venture. Based upon his finding that the three separate entities were engaged in a joint venture, the deputy concluded as a matter of law that the employees of all three entities were covered under the Act and that the tax therein provided for should be assessed and collected against the joint venture as a single employer. For reasons which will become apparent, we think that no useful purpose would be served in further detailing the evidence adduced at the special deputy’s hearing.
Upon consideration of the record and special deputy’s report and recommendation, the Industrial Commission, without making any findings of its own but adopting those of the special deputy, passed its resolution affirming the initial determination made by its status section. From that order a petition for judicial review was taken to the Circuit Court of Leon County.
In its answer to the petition for review the Industrial Commission clearly alleged that it was not attempting to pierce the corporate veil of the two corporations involved, but based its order and decision squarely upon the facts as they appeared in the record. As heretofore stated, the Commission in its order adopted the findings and conclusions of the special deputy that the two corporations and the partnership were separate legal entities engaged, in a joint venture. The Circuit Court held that the record wholly failed to justify the latter conclusion for the reasons that there was no evidence that the three entities had', agreed to or were in fact sharing the profits or losses from the dry cleaning-business in which the two corporations-were engaged, nor was there any showing of a mutuality of interest in the success of a joint undertaking. There being no proof of these essential characteristics of a joint venture,[1] the Circuit Court properly concluded that the Commission had misconceived the legal effect of the evidence and had applied to the evidence an incorrect principle of law. Having resolved this-question adversely to the Industrial Commission, the Circuit Court entered its judgment of reversal.
In its argument before the Circuit Court on the review of this matter the Commission sought to adopt a new legal theory involving the piercing of the corporate veil of the two corporations. Ini support of this position the Commission pointed to certain conclusions in the record as found by the special deputy indicating that the two corporations were but the alter ego of the partnership and contended that therefore the entire operation should be considered as a single employer and consequently liable for payment of unemployment compensation taxes. In its judgment the Circuit Court, accepting the Commission’s findings, commented upon this theory, but rejected it for the reason that it was wholly inconsistent with the finding of the Commission, as reflected in the report and recommendation of the special deputy which it had adopted, to the effect that the two corporations and the partnership were each separate legal entities. As *631 suming arguendo that it was necessary to conclude this question in order to dispose of the cause, we are of the opinion that the Circuit Court was correct in rejecting this belated contention for the reason that the Commission’s finding precluded such a result as a matter of law.
Our review of the record in light of the issue before the Circuit Court convinces us that the judgment appealed from is free of error. It is therefore the judgment of this Court that the order appealed from be and it is hereby affirmed.
STURGIS, C. J., and THOMAS, A. J., concur.

. Kislak v. Kreedian, Fla.1957, 95 So.2d 510; Beckett v. Pierce, 157 Fla. 184, 25 So.2d 486; Albert Pack Corp. v. Fick-ling Properties, 146 Fla. 362, 200 So. 907; Le Mar v. Lechlider, 135 Fla. 703, 185 So. 833.